245B  [Rev. 12/03] Judgment in a Criminal Case
Sheet 1

Judgment-Page 1 of 6

# United States District Court
## Eastern District of Michigan

United States of America

V.

MICHAEL NICKSON

Case Number: 01CR80406-1

USM Number: 26769-039

FILED
OCT 3 1 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

SECOND **AMENDED**
**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Date of Original Judgment: 10/2/03
(or date of Last Amended Judgment)

MICHELENE SAGER-EBERHARD
Defendant's Attorney

**Reason for Amendment:**
    Correction of Sentence on Remand.

• The defendant pleaded guilty to count(s):  **Counts 1-11,**
**and Counts 13-79, Counts 80-83.**

• The defendant was found guilty on count(s):  **84** after a plea of not guilty.

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See page 2 for details. | | | |

The defendant is sentenced as provided in pages **2 through 6** of this judgment.  This sentence is imposed pursuant of the Sentencing Reform Act of 1984

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

I hereby certify that the foregoing is a true copy of the original on file in this Office.
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

By _____
                        Deputy Clerk

6/14/05
Date of Imposition of Judgment

Gerald E. Rosen
United States District Judge

OCT 3 1 2005

Date Signed

AO245B  [Rev. 12/03] Judgment in a Criminal Case
Sheet 1A

Judgment-Page 2 of 6

DEFENDANT:  MICHAEL NICKSON
CASE NUMBER:  01CR80406-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1341 | MAIL FRAUD | 12/31/99 | 1-10 |
| 18 U.S.C. 1341 & 371 | CONSPIRACY TO COMMIT MAIL FRAUD | 12/31/99 | 11 |
| 31 U.S.C. 5324 | STRUCTURING FINANCIAL TRANSACTIONS WITH ONE OR MORE FINANCIAL INSTITUTIONS | 12/31/99 | 13-79 |
| 26 U.S.C. 7206(1) | FRAUD AND FALSE STATEMENTS | 12/31/99 | 80-83 |
| 18 U.S.C. 1956(a)(1)(B)(i) | LAUNDERING OF MONETARY INSTRUMENTS | 12/31/99 | 84 |

O245B  [Rev. 12/03] Judgment in a Criminal Case
  Sheet 2 - Imprisonment

Judgment-Page 3 of 6

DEFENDANT:  MICHAEL NICKSON
CASE NUMBER:  01CR80406-1

## IMPRISONMENT

The defendant is hereby commited to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  57 months as to counts 1-11 and 13-79, 36 months as to counts 80-83 and 57 months as to count 84. The custodial term for all counts to run concurrently.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a

_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

2245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 3- Supervised Release

DEFENDANT: MICHAEL NICKSON
CASE NUMBER: 01CR80406-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **2 years as to each count to run concurrently.** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

- The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgement imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

O245B  [Rev. 12/03] Judgment in a Criminal Case
    Sheet 3C - Supervised Release

DEFENDANT:  MICHAEL NICKSON
CASE NUMBER:  01CR80406-1

## SPECIAL CONDITIONS OF SUPERVISION

All previously conditions imposed under the original judgment shall remain in full force and effect.

O245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Judgment-Page 6 of 6

DEFENDANT: MICHAEL NICKSON
CASE NUMBER: 01CR80406-1

## CRIMINAL MONETARY PENALTIES

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS: | $ 8300.00 | $ 0.00 | $ 2223697.64 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| City of Detroit Public Lighting Department, 208 Coleman A. Young Municipal Center, Detroit, MI 48226 | $ 2,223,697.64 | $ 2,223,697.64 | |
| TOTALS: | $ 2,223,697.64 | $ 2223697.64 | |

Restitution amount ordered by the Court **$2,223,697.64.**

**Defendant has stipulated to a forfeiture of assets. The net proceeds from said assets - listed on the attached preliminary order of forfeiture - shall be paid to the City of Detroit Lighting Department, which shall be offset from the total restitution balance.**

## Payees are listed on attached page.

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

0245B [Rev. 12/03] Judgment in a Criminal Case
 Attachment - Statement of Reasons

Reasons-Page 1 of 2

DEFENDANT:  MICHAEL NICKSON
CASE NUMBER:  01CR80406-1
Eastern District of Michigan

## STATEMENT OF REASONS
### (Not for Public Disclosure)

THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS BUT WITH THESE CHANGES:

**GUIDELINE RANGE DETERMINED BY THE COURT(BEFORE DEPARTURES):**

Total Offense Level: **23**

Criminal History Category: **I**

Imprisonment Range: **46 to 57** months

Supervised Release Range: **2 to 2**years

Fine Range:  **$10000.00 to  $100000.00**

O245B [Rev. 12/03] Judgment in a Criminal Case
    Attachment - Statement of Reasons

Reasons-Page 2 of 2

DEFENDANT: MICHAEL NICKSON
CASE NUMBER: 01CR80406-1
Eastern District of Michigan

## STATEMENT OF REASONS
### (Not for Public Disclosure)

ADDITIONAL PRESENTENCE REPORT AND GUIDELINE APPLICATION CHANGES

SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS

ADDITIONAL COMMENTS OR FINDINGS CONCERNING INFORMATION IN PRESENTENCE REPORT

ADDITIONAL REASONS FOR DEPARTING FROM THE GUIDELINE RANGE

6/14/05
Date of Imposition of Judgment

Defendant's Soc.Sec.No.: 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
Defendant's Date of Birth: 10/4/57

Gerald E. Rosen
United States District Judge

Defendant's Residence Address: **3471 Harvard Detroit, MI
48224**

**OCT 3 1 2005**

Defendant's Mailing Address: **Same as residence.**

Date Signed

Case 2:01-cr-80406-GER    Document 129    Filed 10/02/2003    Page 9 of 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Cr. No. 01-80406

HON. GERALD ROSEN

vs.

D-1 MICHAEL NICKSON,

Defendant.

_____/

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, Forfeiture Allegations were contained in a 83-Count Second Superseding Indictment issued on January 17, 2002, which sought criminal forfeiture pursuant to 21 U.S.C. § 982 of any property, real or personal, constituting, or derived from proceeds obtained directly or indirectly, as the result of such violations pursuant to 18 U.S.C. §982; and

WHEREAS, on or about May 30, 2003, Defendant Michael Nickson appeared with counsel and entered a plea of guilty to Counts 1 through 11, and Counts 14 through 83 of the Second Superseding Indictment; and

WHEREAS, on May 30, 2003, a criminal jury trial began before the Honorable Gerald E. Rosen for the remaining count against Defendant Michael Nickson of Laundering of Monetary Instruments; and

WHEREAS, on June 17, 2003, Defendant Michael Nickson was found guilty of Laundering of Monetary Instruments; and

Case 2:01-cr-80406-GER   Document 129   Filed 10/02/2003   Page 10 of 12

WHEREAS, IT IS ORDERED that Defendant Michael Nickson's interest in the following property:

a) Real property located at 26750 Doxtator, Dearborn Heights, Michigan, further identified as Asset ID No. 02-FBI-002836;

b) Real property located at 16058 Eight Mile Road, Detroit, Michigan, further identified as Asset ID No. 02-FBI-002845;

c) Two Hundred Twenty-Seven Thousand Eight Hundred dollars ($227,800.00) in U.S. Currency, further identified as Asset ID No. 00-FBI-001501;

d) Official Bank Check No. 869271610, dated November 1, 1999, in the amount of $108,750.80, further identified as Asset ID No. 00-FBI-001503;

e) Official Bank Check No. 325949134, dated November 2, 1999, in the amount of $128,750.00, further identified as Asset ID No. 00-FBI-001503;

f) One 1998 Mercedes Benz SL500 Roadster, VIN: WDBFA67F170427, further identified as Asset ID No. 00-FBI-001957;

g) One Raymond James & Associates account no. 35352175, further identified as Asset ID No. 02-FBI-002847;

h) One Raymond James & Associates account no. 10508098;

is **FORFEITED** to the United States for disposition in accordance with the law, pursuant to 21 U.S.C. §853. The above identified assets are to be held by the United States Marshal Service in its custody pending Final Order of this Court.

1. This preliminary order of forfeiture becomes a final order of forfeiture as to Defendant Michael Nickson upon sentencing, and shall be made part of the sentence and included in the judgment.

2. The United States is authorized, pursuant to Federal Rule of Criminal Procedure 32(d)(2), to conduct any discovery that the Court considers proper to help identify, locate,

or dispose any assets seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties; and

3. The United States shall publish at least once for three successive weeks in a newspaper of general circulation, notice of the preliminary forfeiture order and of its intent to dispose of any forfeited asset(s) in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the forfeited asset(s) may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the asset(s), the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the asset(s).

4. Following the Court's disposition of all petitions filed, if any, upon proof of publication and notice to any persons known to have alleged an interest in the asset(s) and

upon entry of a Final Order of Forfeiture, the United States shall have clear title to the property.

IT IS SO ORDERED this __2__ day of October, 2003.

HONORABLE GERALD E. ROSEN
United States District Judge